145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Terry Neal KAYSER, Defendant-Appellant.
 No. 97-30267.
D.C. No. CR-96-OOO25-1-CCL.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 21, 1998.
Decided June 1, 1998.
 
 Appeal from the United States District Court for the District of Montana Charles C. Lovell, District Judge, Presiding.
 Before PREGERSON, TASHIMA, and THOMAS, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 Terry Kayser was convicted of conducting a commercial outfitting and guiding business on National Forest lands contrary to the conditions of his special use permit in violation of 36 C.F.R. § 261 .10(k).[2] The magistrate judge who heard the case did not make a specific determination as to whether § 261.10(k) has a mens rea element. The district court held on a de novo review of the record that the regulation did have a mens rea requirement, but found the element satisfied by the government's evidence at trial. We agree with the district court.
 
 
 2
 There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); United States v. Ross, 112 F.3d 422, 425 (9th Cir.1997). The same test applies to both jury and bench trials. United States v. Mayberry, 913 F.2d 719, 721 (9th Cir.1990).
 
 
 3
 Irrespective of the presence or absence of a mens rea element, there was sufficient evidence to convict Kayser under either standard. Scott Boulanger testified that Kayser specifically directed him to guide the June 21 and July 8 trips. The terms of Kayser's special use permit did not allow such use. The government's uncontested evidence established Boulanger's presence at Squaw Peak and Rock Lake while conducting commercial activities. The testimony at trial, taken in the light most favorable to the government, proved that Kayser was familiar with the terms of his permit, as well as the general practices of the Forest Service. Thus, we need not reach the issue of whether a mens rea requirement should be read into 36 C.F.R. § 261.10(k) and the implications this might have for Kayser because there was adequate proof of mens rea in this case.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 36 C.F.R. § 261.10(k) provides:
 § 261.10 Occupancy and use.
 The following are prohibited:
 ...
 (k) Use or occupancy of National Forest System land or facilities without special-use authorization when such authorization is required.